IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYKEY TECHNOLOGY INC., <br><br> Plaintiff, <br><br> v. <br><br> CPR TOOLS, INC., INTELLIGENT COMPUTER SOLUTIONS, INC. and LOGICUBE, INC., <br><br> Defendants. | C.A. No. 1:11-cv-443-LDD |

## MOTION OF DEFENDANTS, CPR TOOLS, INC. AND LOGICUBE, INC., FOR STAY OF PROCEEDINGS

### STATEMENT UNDER L.R. 7.1.1

Defendants, CPR Tools, Inc. ("CPR") and Logicube, Inc. ("Logicube"), by and through their undersigned counsel (collectively, "Moving Defendants"), have made a good faith effort to resolve the dispute presented in this motion. The Moving Defendants requested plaintiff, Mykey Technology, Inc. ("MyKey"), to agree to a stay of the proceedings in this civil action to run concurrently with the stay of the civil action pending in this court titled, *MyKey Technology, Inc. v. Data Protection Solutions By Arco, et al.*, C.A. No. 1: 11-cv-444-LDD, but plaintiffs have not agreed.

### MOTION AND THE GROUNDS FOR RELIEF

This motion seeks a stay of the proceedings in this civil action (the "443 Action") until the United States International Trade Commission ("ITC" or "Commission") renders a final determination in the investigation titled, In the Matter of Certain Computer Forensic Devices and

Products Containing the Same, Inv. No. 337-TA-799 (the "ITC Action"), such stay to run concurrently with the stay entered by Order of this court on August 31, 2011 in the civil action pending before the court titled, *MyKey Technology, Inc. v. Data Protection Solutions By Arco, et al.*, C.A. No. 1: 11-cv-444-LDD (the "444 Action").

### I. Procedural Background and Current Posture of this Action

MyKey commenced both this civil action and the 444 Action on May 20, 2011 in the District of Delaware. Both actions allege infringement of the same three patents-in-suit: U.S. Patent No. 6,813,682 (the "'682 patent"), U.S. Patent No. 7,159,086 (the "'086 patent"), and U.S. Patent No. 7,228,379 (the "'379 patent").

In the 444 Action, MyKey sued 11 different defendants for alleged infringement of one or more of the three patents (Complaint, D.I. 1, 444 Action). In this case, MyKey also sued CPR, Logicube, and a third defendant, Intelligent Computer Solutions, Inc. ("ICS"), for alleged infringement of the same three patents (Complaint, D.I. 1).

On August 24, 2011, plaintiff, MyKey, filed an Unopposed Motion for Extension of Time to September 13 for ICS to respond to the Complaint (D.I. 20), which was granted by the court on August 26, 2011 (D.I. 23, filed Aug. 31, 2011). (The motion was filed by MyKey unilaterally; ICS did not join the motion and has not as yet otherwise made an appearance in this action, through counsel or *pro se*).

On August 26, 2011, stipulations in this case between Logicube and MyKey (D.I. 21, filed Aug. 25, 2011) and between CPR and MyKey (D.I. 22, filed Aug 25, 2011) were approved by the court (D.I. 24 (Logicube) and D.I. 25 (CPR), filed Aug. 31, 2011), which granted Logicube and CPR an extension of time until September 13, 2011 to respond to the Complaint.

Thus, all defendants in this case are scheduled "to answer, move, or otherwise respond to the Complaint" in the 443 Action on September 13, 2011.

On July 22, 2011 MyKey filed a complaint with the United State International Trade Commission under Section 337 of the Tariff Act of 1930 arising out of claims of infringement of the same three patents. The ITC published a Notice of Investigation in the Federal Register on August 29, 2011 (76 Fed. Reg. 53,695-696, Aug. 29, 2011). All of the defendants in the 444 Action were named as respondents in the ITC Action, while none of the defendants in the 443 Action were named in the ITC Action.

On August 26, 2011, all the parties in the 444 Action filed a Stipulation for Stay and Order to Extend Time (D.I. 43, 444 Action). In light of the Stipulation filed by the parties and the provisions of 28 U.S.C. § 1659(a), the court entered an Order on August 31, 2011 that stayed the 444 Action for all purposes "pending a final determination in the ITC Action and a request of a party to this civil action to lift the stay" (D.I. 47, 444 Action) (the "444-Stay Order").[1] A copy of the 444-Stay Order is attached hereto as Exhibit A.

To summarize, there are currently pending three separate actions that all involve determination of issues of validity, claim construction, and infringement of the same three

---

[1] 28 U.S.C. Section 1659(a) provides:

> (a) Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

patents (the '682 patent, the '086 patent, and the '379 patent)—the 443 Action, the 444 Action, and the ITC Action. The 444 Action has been stayed pending a final determination in the ITC Action but the 443 Action has not been stayed. Responsive pleadings in the 443 action are due on September 13, 2011.

The Moving Defendants submit that the 443 Action also should be stayed for all purposes pending a final determination of the same ITC Action.

## II. Even Though A Stay in this Action is Discretionary, the Motion for Stay Should be Granted

The Moving Defendants urge the court to exercise its discretion to enter a stay of this civil action pending the outcome of the ITC Action. The Moving Defendants respectfully submit a) that the court has the inherent authority to issue a stay under appropriate circumstances within the standards established for the exercise of the court's discretion and, b) that balancing the competing interests under the circumstances of this action favors a stay of definite duration. First, MyKey will not be prejudiced in its strategy or deprived of a fair opportunity to prosecute this action if the motion is granted; second, the determination of common issues in this action and the ITC Action will greatly assist the court, counsel, and the litigants in numerous ways; and, third, the pleading cycle is not yet complete and no discovery has taken place. Accordingly, a stay of this action is warranted.[2]

---

[2] Both the 444 Action and the ITC Action involve the same three patents. Moreover, the defendants in the 444 Action are named as respondents in the ITC Action. As a consequence a stay of the 444 Action upon a timely request of a party to both actions is "mandatory, not discretionary." 444-Stay Order, at *2. Because this Action and the ITC Action involve the same patents but not the same defendants/respondents, 28 U.S.C. § 1659 (a) does not mandate a stay of this action. Consequently, a stay of the present action is discretionary, not mandatory.

### A. The Applicable Standard and the Court's Authority to Stay this Action

The Supreme Court in 1936 established the well-settled principle that the court's power and authority to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); see also *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212, 216 (D. Del. 1991). Such authority is appropriately exercised, for example, when a district court stays a civil patent infringement action pending reexamination of the patent by the Patent and Trademark Office ("PTO"). See *Ethicon, Inc. v. Quiqq.* 849 F.2d 1422, 1425-26 (Fed. Cir. 1988); *Wall Corp. v. Bonddesk Group, LLC*, 2009 WL 528564 (D. Del. Feb. 24, 2009).

In *Landis* the Supreme Court rejected as "too mechanical and narrow" a rule that "irrespective of particular conditions, there is no power to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Landis*, 299 U.S. at 255. Put simply, there is no requirement that "the parties to the two causes must be shown to be the same and the issues identical." *Id.* at 254. Rather, the determination of whether to grant a request for a stay pending the outcome of another proceeding requires the exercise of the court's discretion and judgment, "which must weigh competing interests and maintain an even balance." *Id.* at 254-5. Accordingly, that the Moving Defendants have not been named as respondents in the ITC Action is only one among several factors that the court must consider in ruling on the request for a stay.

A principal factor governing the legal standard on a motion for a stay of a civil action is the proposed duration of the stay. Where the court is considering entering an "indefinite" stay,

the movant must "first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Here, however, the stay requested is of definite duration, to-wit: until a final determination in the ITC Action.[3] As a consequence, the court "must evaluate the possible damage, hardship and inequities to the parties to the lawsuit and the relationship of the stay to the fulfillment of judicial objectives of simplification of the issues in question and trial of the case." *Nutrasweet*, 766 F. Supp. at 217 (quoting *United Merchants & Mfrs., Inc. v. Henderson*, 495 F. Supp. 4544, 447 (N.D. Ill. 1980), involving a motion for stay pending the outcome of a PTO reexamination).

In *Alloc, Inc. v. Unilin Décor N.V.*, 2003 WL 21640372 (D. Del. July 11, 2003), the court noted three considerations for determining whether a stay is appropriate:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
>
> (2) whether a stay will simplify the issues in question and trial of the case; and
>
> (3) whether discovery is complete and whether a trial date has been set.

*Id.* at *2 (citing *Nutrasweet* and *Xerox Corp. v. 3 Comm Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).

In *Alloc* the plaintiff brought suit for infringement of a single continuation patent that stemmed from four earlier patents, three of which were investigated by the ITC and the subject of a pending appeal before the Federal Circuit and the other of which was being reexamined by

---

[3] In Order No. 2 in the ITC Action, entered August 29, 2011, a target date of sixteen months for completion of the ITC investigation was established by the Administrative Law Judge. Pursuant to the same Order a *Markman* hearing is currently scheduled for January 19, 2012. A copy of Order No. 2 is attached hereto as Exhibit B.

the PTO. The defendant moved to stay the action for infringement of the continuation patent until a decision was rendered in the Federal Circuit's review of the ITC's determination regarding the three patents and the PTO completed its reexamination of the fourth patent.

In granting the motion for a stay, the *Alloc* court noted that the patent-in-suit had "never been reviewed by the PTO, the ITC, or any other court." *Id.* at *2. Nonetheless, the court found "sufficient overlap among all of the patents for the court to conclude that a stay is appropriate." *Id.* Clearly, neither identity of patents nor identity of parties is required for a stay to remain within the sound discretion of the court.

In this action all three of the *Alloc* factors favor a stay such that the balancing of interests clearly favors entry of the requested stay. A stay will not prejudice MyKey and will render significant benefits to the court, counsel, and litigants, particularly as the first deadline in the pleading cycle has not yet occurred.

**B.     A Balancing of Competing Interests Favors the Entry of a Stay of this Action**

    1.     A Stay Will Not Prejudice the Non-Moving Party

In deciding to impose a stay pending the outcome of a reexamination the court in *Nutrasweet* said that it "cannot ignore the fact that the plaintiffs themselves began the reexamination," *Nutrasweet*, 766 F. Supp. at 217. Here, as in *Nutrasweet*, the plaintiffs themselves began the ITC Action, naming the same eleven respondents it sued in the 444 Action, *i.e.*, a greater part of the industry alleging infringement of the same three patents-in-suit in both the 444 Action and the 443 Action.

The ITC Action will require the consideration of facts (such as the existence of prior art) and issues (such as the validity of the patents and the construction of claims) that are as common to this 443 Action as they are to the (stayed) 444 Action. Under these circumstances the Moving

Defendants submit that MyKey would be hard pressed to mount a credible case that it would be prejudiced by a stay or that a stay would "present a clear tactical disadvantage."

### 2. Significant Benefits Will Accrue From Waiting for the ITC Determination

Further shifting the balance in favor of granting this motion are the significant tangible benefits from staying the 443 Action until the ITC Action concludes. With so many named respondents it is virtually assured that the ITC Action will be vigorously and competently defended. As in the 444 Action, this case and the ITC Action involve "the same issues about the same patent[s]." 444-Stay Order, at 2 (paraphrasing *Sandisk Corp. v. Phision Elec. Corp.*, 538 F. Supp2d 1060 (W.D. Wis. 2008)). As in *Alloc*, "it is beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation." *Alloc*, 2003 WL 21640372, at *2.[4]

As in *Alloc*, the court would benefit if a stay means that (1) discovery issues relating to prior art may be alleviated; (2) the record of the other proceeding will likely be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences; and (4) the outcome of the other proceeding may encourage a settlement without further involvement of the court. *Id.* Each of those outcomes would result from granting this motion and entering the requested stay.

### 3. There Has Been No Discovery or Responsive Pleading

Finally, weighing in favor of entering the requested stay in this action is the incipient nature of the case. No discovery has commenced and the pleading cycle is not completed. Accordingly, judicial economy would be well-served by the stay requiring, as in the 444-Stay

---

[4] For example, a *Markman* hearing currently scheduled for January 19, 2012 in the ITC action will result in a claims construction ruling that will no doubt influence this action.

Order, the Moving Defendants to respond "fourteen (14) days after the Commission's determination in the ITC Action become final and the stay in this civil action is lifted." 444-Stay Order, at *1-*2.

### III. Conclusion

Based on the foregoing arguments and authorities the Moving Defendants request a stay of the proceedings in this civil action to run concurrently with the stay of the civil action pending in this court titled, *MyKey Technology, Inc. v. Data Protection Solutions By Arco, et al.*, C.A. No. 1: 11-cv-444-LDD (the "444 Action")

WHITEFORD TAYLOR PRESTON, LLC

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire
Email: dgriffith@wtplaw.com
1220 North Market Street
Wilmington, Delaware 19801
(302) 357-3254

OF COUNSEL:

Mark A. Goldstein, Esq.
Email: mgoldstein@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
(805) 230-1350 x-240

*Attorneys for Defendant* Logicube, Inc.

PROCTOR HEYMAN LLP

/s/ Dominick Gattuso
Kurt M. Heyman
Email: kheyman@proctoheyman.com
Dominick T. Gattuso (# 3630)
E-mail: dgattuso@proctorheyman.com
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

OF COUNSEL:

Jonathan L. Rubin
Email: jr@rubinpllc.com
RUBIN PLLC
1250 24th Street, N.W., Suite 300
Washington, D.C. 20037
(202) 776-7763

*Attorneys for Defendant* CPR Tools, Inc.

Dated: September 2, 2011